# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PHILIP A. GAMBUTI,             :
                                   :

      Plaintiff,            :
                                   :

v.                        :       Civil Action No. 7:06-cv-49
                                   :

THE STATE OF GEORGIA,       :
                                   :

      Defendant.       :
_____

## ORDER

Plaintiff Philip A. Gambuti ("Gambuti") has failed to serve a copy of his Complaint on the Defendant within 120 days of filing said Complaint. Accordingly, Gambuti is ordered to show cause, no later than April 16, 2007, why his Complaint should not be dismissed.

## I.    FACTUAL AND PROCEDURAL HISTORY

Gambuti originally filed a *pro se* Complaint (Doc. 1) on June 28, 2006, and he paid the required $350.00 filing fee. Upon order of the Court (Doc. 2), Gambuti filed an Amended Complaint (Doc. 3) to clarify the jurisdictional basis of his Complaint. Thereafter, the Court ordered the Clerk of the Court to provide Gambuti with a Rule 4 service packet and directed Gambuti to make service upon the Defendant. This Order (Doc. 4) also warned that "Gambuti has the responsibility for diligently prosecuting his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Id. at 2.) To date, Gambuti has failed to make service upon the

1

Defendant in this case.

## II.    ANALYSIS

### A.    Standards

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Eleventh Circuit recently examined what factors a district court must consider when faced with a plaintiff who had failed to serve his complaint within 120 days, per the instructions in Rule 4(m).  See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 2007 WL 286850 (11th Cir. 2007).  The Eleventh Circuit not only noted a district court must consider whether the plaintiff had shown good cause for his failure,[1] but also held that "when a district court finds that a plaintiff fails to show good cause . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at *3.  Indeed, "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified

---

[1] "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Lepone-Dempsey, 2007 WL 286850 at *2 (citation and quotation omitted).

time." Id.

**B.      Application**

Regardless of which start date the Court uses, Gambuti has failed to serve his Complaint within 120 days.[2]  Therefore, the Court must consider whether good cause or any other circumstances warrant an extension of the time for service of process.  Gambuti shall have until no later than April 16, 2007, to file a response with the Court showing good cause for his failure to serve his Complaint or offering any other reason that would warrant a permissive extension of time.  Gambuti should be forewarned that a failure to file any response may result in the dismissal of his case.

**SO ORDERED**, this 20th day of March, 2007.


_s/   Hugh Lawson_____
**HUGH LAWSON, Judge**

pdl

---

[2] Gambuti filed his original Complaint on June 28, 2006, he filed his Amended Complaint on July 21, 2006, and the Clerk of the Court mailed a copy of the Court's Order directing Gambuti to personally serve his Complaint on November 9, 2006.  Given Gambuti's *pro se* status, even were the Court to use the last date to start his Rule 4(m) clock, more than 120 days still have passed.