# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **PHILIP A. GAMBUTI,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-49 (HL) |
| **THE STATE OF GEORGIA,** | : | |
| Defendant. | : | |

## ORDER

Plaintiff Philip A. Gambuti ("Gambuti") has failed to serve a copy of his Complaint on Defendant the State of Georgia within 120 days of filing said Complaint. For the reasons set forth below, Gambuti's case is dismissed without prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

The scant background for this case was previously set forth in the Court's Order of March 20, 2007 (Doc. 5). It will not be repeated here. By way of an update, the Court notes that Gambuti filed a timely Response (Doc. 6) to the aforementioned Order, which had directed him to show cause for his failure to serve his Complaint. Despite filing this Response, Gambuti has still failed to make service upon the Defendant in this case.

## II. ANALYSIS

### A. Standards

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

1

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Eleventh Circuit recently examined what factors a district court must consider when faced with a plaintiff who had failed to serve his complaint within 120 days, per the instructions in Rule 4(m). See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277 (11th Cir. 2007). First, a district court must consider whether the plaintiff had shown good cause for his failure, and "[g]ood cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Id. at 1281 (citation and quotation omitted). Second, "when a district court finds that a plaintiff fails to show good cause . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. Indeed, "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

### B. Application

Gambuti's Response only gives one reason why he has failed to execute service to date: "because I have not been able to get an address to send it to." (Doc. 6 at 1.) Thus, by Gambuti's own admission, his failure is due to his own negligence and not the fault of some

2

outside factor, such as faulty advice. As a result, the Court finds Gambuti has not shown diligence in his efforts to serve process on Defendant, has failed to comply with Rule 4 and has failed to demonstrate good cause for failing to timely serve the State of Georgia. Absent a showing of good cause, the Court must consider whether any other factors warrant an extension of time. The Court finds no such circumstance exist. In particular, the Court notes that since Gambuti's alleged claim arose on June 6, 2006, his statute of limitations has not run, nor have there been any indications that Defendant is evading service or has concealed a defect in service.

### III. CONCLUSION

The Court finds Gambuti has shown no good cause for his failure to serve his Complaint nor, after consideration, that any other factors exist to extend the time to effect service. Therefore, the Court exercises its discretion, and Gambuti's case is dismissed without prejudice. Finally, to the extent that Gambuti's Response (Doc. 6) might have been construed as a Motion for Appointment of Counsel, that Motion is denied as moot.

**SO ORDERED**, this 9th day of April, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

pdl